UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

---

**RICHARD ALPHONSO, BY AND THROUGH HIS ATTORNEY-IN-FACT, ANNA SANDERS**

    **Plaintiff**

v.

**RESCARE RESIDENTIAL SERVICES LOUISIANA, LLC and SOUTHERN HOME CARE SERVICES, INC.**

    **Defendants**

---

: CIVIL ACTION: _____

: **Jury Trial Requested**

## COMPLAINT

**I.   PRELIMINARY STATEMENT**

1. RICHARD ALPHONSO, by and through his Attorney-in-Fact, Anna Sanders, brings this action monetary damages against Defendants' RESCARE RESIDENTIAL SERVICES LOUISIANA, LLC (hereinafter "ResCare") and SOUTHERN HOME CARE SERVICES, INC. (hereinafter, "SHCS") for negligence, for violations of Plaintiff's rights under the Louisiana's Bill of Rights for Persons with Developmental Disabilities, LA Rev Stat § 28:452.1, and for discrimination of the basis of disability contrary to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 while he resided at the Sharps Lane and Trippi Road Group Homes in Hammond, Louisiana.

**II.   JURISDICTION**

2. This Court has original diversity jurisdiction in this case under the provisions of 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy

1

exceeds $75,000. This Court also has jurisdiction in this case pursuant to 28 U.S.C. §§1331 and 1343 (3) and (4) since Plaintiff, in asserting claims under Section 504 of the Rehabilitation Act, an Act of Congress providing for equal and civil rights of citizens within the jurisdiction of the United States, seeks (a) to vindicate his rights arising under the laws of the United States and to redress deprivations of his rights and (b) to recover damages and other relief. Venue is proper in this District under 28 U.S.C. § 1391(b) because, among other things, Defendants operate group homes in this District and the acts and omissions giving rise to this Complaint occurred in this District.

**III.    PARTIES**

3.    The Plaintiff RICHARD ALPHONSO, born September 9, 1980, is a person with a developmental disability because of his intellectual impairments and other conditions, including severe diabetes. He currently resides at a state-run Intermediate Care Facility for persons with Intellectual Disabilities, Pinecrest Supports and Services Center in Pineville State of Louisiana. For all times pertinent to the facts in this Petition, he was a resident at Sharps Lane and Trippi Road Group Homes in Hammond, Louisiana which are operated by ResCare and SHCS. He brings this action by and through his Attorney-in-Fact, Anna Sanders.

4.    Defendant Rescare Residential Services Louisiana, LLC is a subsidiary of ResCare Home Care Services, Inc. ResCare is a Delaware limited liability company and maintains its principal place of business in Kentucky. Rescare Residential Services Louisiana, LLC's sole member is ResCare Home Care Services Southeast, LLC, a Delaware limited liability company with its principal place of business in Kentucky. ResCare Home operates a network of agencies that provide supports and services individuals with intellectual and developmental disabilities (IDD), including intermediate care facilities, home and community-

based services, adult foster care, group homes, and supported employment. Rescare operates and manages the Sharps Lane and Trippi Road Group Homes, where Plaintiff resided prior to being placed at Pinecrest Supports and Services.

5.   Defendant Southern Home Care Services, Inc. is a non-governmental corporation and a wholly owned subsidiary of ResCare. SHCS is also a Delaware limited liability company with its principal place of business in Kentucky. It is responsible for providing personal care services to residents of the Sharps Lane Group Home, including but not limited to direct assistance with activities of daily living (ADLs), e.g., eating, bathing, dressing, and bladder and bowel requirements, homemaker services, taking medications, shopping for groceries, laundry, housekeeping, and supervision or cuing so that a person can perform tasks themselves.

## IV.   STATEMENT OF FACTS

6.   Plaintiff, due to his intellectual disability, has limited ability to read or write, cannot tell time, needs supervision in activities of daily living such bathing and toileting, has limited awareness of dangerous conditions that may exist outdoors or indoors, and is dependent on others for all food preparation.

7.   The group homes where Plaintiff resided during the period covered by this complaint, Sharps Lane and the Trippi Road group homes, are Intermediate Care Facilities, for People with Developmental Disabilities, See LSA-R.S. 40:2180. Defendants ResCare receives federal and state funding under Medicaid, 42 U.S.C. § 1396 *et seq.*, to provide services, including residential services, to people with developmental disabilities residing in these homes.

8.   Defendants ResCare and SHCS are charged by law, pursuant to LSA-R.S. 28:452.1, with providing persons with developmental disabilities, such as the Plaintiff, services and supports consistent with their personal needs and choices in the most integrated setting

3

appropriate, and in a manner that addresses their desires and goals in a respectful and least intrusive manner.

9. Defendants ResCare and SHCS are also charged under LSA-R.S. 28:452.1 with the duty to provide persons with developmental disabilities, such as the Plaintiff, with the assistance and supervision he needs to protect him from harm.

10. Defendants ResCare and SHCS are responsible under law for developing and implementing a Comprehensive Individual Service Plans for persons with developmental disabilities, such as the Plaintiff, which will meet their physical, behavioral, social, communication, medical, and safety needs.

11. Throughout the time covered by the allegations in this complaint, beginning on or about February 15, 2023, and ending on or about July 1, 2023, Defendants subjected Plaintiff to neglect which has resulted in significant and painful injuries to him.

12. Defendants, through their staff at the group homes, knew, or should have known, that Plaintiff suffered from urinary incontinence. Despite their knowledge, Plaintiff's bedding was frequently extremely wet throughout the day and his room reeked of urine, even when a window was opened to air the room out.

13. Defendants, through their staff at the group homes, knew or should have known, that Plaintiff, due to his diabetes and the correlative injuries to his feet and legs, was unsteady on his feet. Despite this knowledge, Defendants failed to adequately supervise Plaintiff's activities and take precautions that would prevent him from falling.

14. On March 5, 2023, Plaintiff fell in the bathroom of the group home seriously injuring himself. At the time, Plaintiff was not being supervised by staff and no precautions had been taken to prevent falls.

15.     As a result of the fall, Plaintiff was taken to North Oaks Medical Center in Hammond, Louisiana for treatment where he was diagnosed with a broken ankle and facial trauma.

16.     While being treated for injuries related to the March 5 incident, emergency room doctors also found that Plaintiff had suffered a broken Tibia from an unreported prior injury or injuries, and that, as a result, a blood infection that had entered his blood stream through the fracture.

17.     Upon information and belief, the prior injury or injuries occurred in middle or late February 2023 at the Sharps Lane group.

18.     On May 2, 2023, Plaintiff's Attorney-in-Fact, Anna Sanders, learned that ResCare was closing Sharp Lane group home and moving residents to the Trippi Road group home.

19.     On May 3, 2023, ResCare convened a meeting with residents and families concerning the proposed discharge. Participants in the meeting, including Defendants' staff, discussed safety concerns at the group home, issues with the close quarters at the home residents had to endure, the location of the home near major highways and the interstate, and difficulties in hiring and retaining enough staff with the appropriate background and training.

20.     At the May 3 meeting, representatives of ResCare agreed that Plaintiff would not be moved from Sharps Lane until safety measure were put in place for him, including

- A fence will be installed around the property to ensure his safety and prevent elopement.

- Safety measures will be instituted within and outside the home to keep Plaintiff safe.

- Safety bars will be placed throughout the home.

5

- The toilet will be raised, and safety bars added.

- A larger bed would be provided for him due to his height and size.

- He will be seen by an Endocrinologist to evaluate his diabetes treatment.

- He will be seen by a Dermatologist.

- He will be seen by a Urologist to assess his propensity for incontinence.

21. On March 7, 2023, Plaintiff was discharged from North Oaks, provided with a boot for his right foot and referred to PAM Specialty Hospital in Hammond for rehabilitation.

22. On May 7, 2023, the Sharps Lane Group Home was closed, and Plaintiff was transferred to the Trippi Road group home.

23. On May 11, 2023, Plaintiff's Attorney-in-Fact learned that ResCare had violated the agreement to institute the safety measures agreed to at the May 3 meeting by, among other things, failing to install a fence or safety bars, provide the larger bed, and make medical referrals.

24. On May 22, 2023, Plaintiff was taken to the hospital by ambulance and admitted to North Oaks Medical Center in Hammond for injuries sustained in fall at the Trippi Road group home. As a result of this fall, Plaintiff suffered injuries to his hip, a femoral neck fracture, and a closed fracture of one of his toes.

25. Although Plaintiff was admitted to the hospital on May 22, the fall itself occurred two or three days prior to his admission. Although staff had witnessed the fall, they did not report the incident until days later when Plaintiff could not get out of bed, eat, or move. His right side, from hip to his toe, was swollen. By the time Plaintiff was sent to the hospital, he was experiencing extreme pain, low oxygen, high fever, and other physical issues.

26. Following Plaintiff's admission to North Oaks on May 22, surgery was performed that same day on his right hip and three screws were put in place to address a fracture.

27. On June 6, 2023, Plaintiff was discharged from North Oaks and sent to Bogalusa Hospital for rehabilitation from his surgery. Plaintiff was discharged from Bogalusa Hospital on June 17, 2023.

28. In June 2023, Defendant ResCare discharged Plaintiff from the group home without notice and refused to allow him to return to the Trippi Road group even after an Administrative Law Judge ruled in October that the discharge was stayed pending the evidentiary hearing of the appeal and the decision by the Administrative Law Judge.

29. Because Rescare refused to allow him to return to Trippi Road home, Plaintiff was transferred first to Lakeshore Manor Nursing, then to the mental health unit at Our Lady of the Lake Hospital in Baton Rouge, and later to Pinecrest Supports and Services. Plaintiff was never permitted to return to the group home after his May 22 operation.

30. Lakeshore Manor Nursing, the mental health unit at Our Lady of the Lake Hospital, and Pinecrest Supports and Services, all highly restrictive segregated facilities.

31. Unnecessary institutionalization denies persons with disabilities the full opportunity to develop and maintain bonds with family and friends; impairs their ability to interact with peers without disabilities; and prevents them from experiencing social and recreational activities that are available to persons without disabilities.

32. As a result of injuries Plaintiff sustained, and the neglect he was subjected to, Plaintiff now has mobility impairments that require him to often use a wheelchair to ambulate, even in his own home.

33. On October 26, 2023, ResCare finally provide Plaintiff written notice of its decision to discharge him from the Trippi Group Home, effective immediately on the grounds that they were unable to provide him services while he remained dependent on a wheelchair or unable to safely ambulate with a walker. Rescare also claimed that they were not required to make their facilities accessible.

34. At no time during the above-described incidents of March 5, 2023 or May 2023, when Plaintiff fell and was injured, did staff at the group homes provide Plaintiff with proper supervision or other services to prevent falling and injuries.

35. The above-described incidents do not ordinarily occur in the absence of negligence. Given the extent of Plaintiff's disabilities, no other responsible causes including the conduct of the Plaintiff and third persons can explain the incident or the injuries that occurred as a result. The indicated negligence is within the scope of the Defendants' duty to the plaintiff.

36. Defendants' negligence and breach of its duties under Louisiana law was the sole and proximate cause of the Plaintiff's injuries that were sustained while residing at the Sharps Lane and Trippi Road Group Homes in Hammond, Louisiana in that the defendants:

a) failed to provide appropriate and necessary supervision for Plaintiff,

b) failed to adequately supervise its employees or other residents,

c) failed to adequately ensure the Plaintiff's safety,

d) failed to adequately supervise its employees to ensure all safety measures were properly in effect and enforced,

e) failed to properly train and supervise its employees,

f) failed to implement proper hiring procedures that would protect the safety of residents,

g) failed to take reasonable precautions to ensure Plaintiff's safety,

   h)    failed to properly implement Plaintiff's individual service plan,

   i)    failed to provide Plaintiff with developmental disabilities services and supports consistent with his personal needs and choices, and in a manner that addresses his desires and goals in a respectful and least intrusive manner, and

   j)    Engaged in other acts of negligence and breaches of its legal duties which will be proved at the trial of this matter.

   37.   Defendants are liable to Plaintiff for the following, non-exclusive list of past, present, and future damages:

   a)    Medical expenses,

   b)    Physical pain and suffering,

   c)    Mental and emotional Pain and suffering,

   d)    Aggravation, inconvenience, and loss of enjoyment, and

   e)    All other damages which may be proven at the time of the trial of this matter.

   38.   As a direct result of the intentional discriminatory acts and practices by Defendants, as described in this complaint, Plaintiff has suffered the damages described above.

## V.   CAUSES OF ACTION

**First Cause of Action— Claim of Negligence against ResCare and SHCS**

   39.   Paragraphs 1 through 38 are incorporated herein by reference.

   40.   Defendants had a duty to provide Mr. Alphonso with appropriate care, treatment, and services and keep him safe from harm. Defendants breached their duty of care by negligent acts and omissions, in violation of accepted standards of care and treatment he was entitled to under law.

41. Each act of negligence constitutes the direct and proximate cause of Mr. Alphonso's injuries and mental and physical suffering during while residing at the Sharps Lane and Trippi Road Group Homes in Hammond, Louisiana.

**Second Cause of Action— Discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.**

42. Paragraphs 1 through 38 are incorporated herein by reference.

43. At all times pertinent, hereto, Defendants were recipients of federal financial assistance, Plaintiff was a qualified individual with a disability as defined in 29 U.S.C. § 794 and was entitled to all the protections, rights and remedies provided by Section 504 of the Rehabilitation Act ("ADA").

44. Defendants violated Plaintiff's rights under Section 504 by:

a) intentionally discriminating against Plaintiff based on his disability by failing and refusing to accommodate his needs by providing him access to their program, services, and benefits when he required a wheelchair due to his injuries; and

b) treating Plaintiff and other similarly situated individuals differently than other residents with Intellectual Disabilities non-disabled individuals, by illegally by failing and refusing to accommodate him by making the facility accessible to him despite his mobility impairments.

c) Excluding Plaintiff from participation in or denying him the benefits of the services, programs, or activities of the recipient of federal financial assistance by to allow him to return to the Trippi Road group home and leaving him no choice but to be placed in highly segregated institutional settings.

d) Failing or refusing to provide Plaintiff with treatment and services in the most integrated setting appropriate to his needs.

e) Utilizing criteria or other methods of administration that had the effect of subjecting Plaintiff to discrimination.

f) failing to make reasonable modifications in policies, practices, or procedures needed to avoid discriminating against Plaintiff on the basis of his disability.

45. Each act of discrimination constitutes the direct and proximate cause of Mr. Alphonso's injuries and mental and physical suffering endured by after Defendants refused to allow him to return to his home after his operation in May 2023.

**Third Cause of Action— Violation of Louisiana Bill of Rights for Persons with Developmental Disabilities.**

46. Paragraphs 1 through 38 are incorporated herein by reference.

47. Defendants had a duty under Louisiana's Bill of Rights for Persons with Developmental Disabilities, LA Rev Stat § 28:452.1 (2023), to provide Mr. Alphonso with appropriate care, treatment, and services and keep him safe from harm.

48. Defendants violated Plaintiff's rights guaranteed by Louisiana's Bill of Rights for Persons with Developmental Disabilities law. Each such breach constitutes the direct and proximate cause of Mr. Alphonso's injuries and mental and physical suffering during while residing at the Sharps Lane and Trippi Road Group Homes in Hammond, Louisiana.

## VI. REQUESTS FOR RELIEF

WHEREFORE, Plaintiff, RICHARD ALPHONSO, prays that this Court:

A. Declare that the defendants have been negligent in their care and treatment of Plaintiff and have violated his rights under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and Louisiana's Bill of Rights for Persons with Developmental Disabilities, LA Rev Stat § 28:452.1.

B. After due proceedings are had, render judgment in his favor against the Rescare Residential Services Louisiana, LLC and Southern Home Care Services, Inc., for all damages that are reasonable under the circumstances and permitted under the law, including compensatory damages, plus judicial interest from the date of demand, all costs, and expert witness fees.

C.       Award Plaintiff his reasonable attorney's fees.

Respectfully submitted the 1st day of February 2024.

**RICHARD ALPHONSO,**
by and through his Attorney-In-Fact, Anna Sanders

By and through his attorneys,

/s/ Ronald K. Lospennato
Ronald K. Lospennato, Bar No. 32191
Law Office of Ronald K. Lospennato
650 Poydras St., New Orleans, LA 70130
Telephone: (504) 407–7454
Facsimile: (504) 335–2890
E-mail: ron@lospennatolaw.com